

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
|---|---|---|
| MARIA CYNTHIA BUSTAMANTE, | | No. 08-18-00038-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | County Criminal Court No. 4 |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 20140C06100) |
| | § | |

## **MEMORANDUM OPINION**

Maria Cynthia Bustamante is appealing her conviction of criminal mischief over $50 but less than $500. A jury found Appellant guilty and the court assessed her punishment at confinement for 180 days, but the court suspended the sentence and placed Appellant on community supervision for twelve months. Although the judgment erroneously recites that Appellant's jail sentence is 365 days in jail, the record of the punishment hearing reflects that the trial court assessed Appellant's punishment at confinement for 180 days.[1] We reform the judgment to reflect that the trial court assessed Appellant's punishment at 180 days in jail. The judgment,

---

[1] Under the applicable version of Section 28.03, the criminal mischief offense for which Appellant was convicted is a class B misdemeanor. *See* Acts 2009, 81st Leg., ch. 638, § 1, 2009 Tex.Gen.Laws 1433. Therefore, the maximum jail sentence which could be assessed in this case is 180 days. TEX.PENAL CODE ANN. § 12.22.

as so modified, is affirmed.

## FRIVOLOUS APPEAL

Appellant's court-appointed counsel has filed a brief in which he has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex.Crim.App. 2008)("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities."); *High v. State*, 573 S.W.2d 807 (Tex.Crim.App. 1978). Counsel has notified the Court in writing that he has delivered a copy of counsel's brief and the motion to withdraw to Appellant, and he has advised Appellant of her right to review the record, file a *pro se* brief, and to seek discretionary review. *Kelly v. State*, 436 S.W.3d 313, 318-20 (Tex.Crim.App. 2014)(setting forth duties of counsel). Counsel also provided Appellant with a motion requesting access to the appellate record in compliance with *Kelly*, but Appellant has not filed the motion with this Court or otherwise requested that she be allowed to review the record. Appellant has not filed a *pro se* brief.

Counsel has demonstrated in his brief that he reviewed the entire record, but he failed to notice that the written judgment entered by the trial court is inconsistent with the sentence assessed by the court. This oversight by both the trial court and appellate counsel likely occurred because the trial court assessed Appellant's punishment at 365 days in the related case, cause number

20140C06099, which we affirmed in a separate opinion and judgment. *See Maria Cynthia Bustamante*, No. 08-18-00037-CR (Tex.App.—El Paso April 24, 2019, no pet. h.). We have corrected the trial court's error regarding sentence by reforming the judgment. It is not uncommon for this Court to correct clerical errors in a trial court's judgment on its own motion and even though the error has not been brought to our attention by one of the parties. After carefully and thoroughly reviewing the record and counsel's brief, we have not found any other errors which should have been briefed on the merits by Appellant's counsel. Accordingly, we conclude that appellate counsel has satisfied his obligation of demonstrating that he satisfied the requirements of *Anders*. Further, we conclude that the appeal is wholly frivolous and without merit, and we find nothing in the record that might arguably support the appeal. We reform the judgment to reflect that Appellant was sentenced by the trial court to serve 180 days' confinement in the county jail. The judgment of the trial court, as so modified, is affirmed.

April 24, 2019

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)